**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES PATRICK SCHUETZE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GLAXOSMITHKLINE, doing business as SmithKline Beecham Corporation, <br><br> Defendant - Appellee, <br><br> and <br><br> GAROLD FABER, <br><br> Defendant. | No. 08-55477 <br><br> D.C. No. 2:07-cv-03466-MRP-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James Patrick Schuetze appeals pro se from the district court's judgment dismissing on statute of limitations grounds his diversity action alleging product liability and negligence claims in connection with his use of prescription drugs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003), and we affirm.

The district court properly determined that the action was time-barred because Schuetze filed suit after the applicable statute of limitations periods had expired. *See* former Cal. Civ. Proc. § 335.1 (providing a two-year statute of limitations for personal injury claims, including product liability claims); § 340.5 (providing a three-year statute of limitations for medical malpractice claims); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971-72 (9th Cir. 2002) (under California law, a plaintiff's claim accrues when he at least suspects that someone has done something wrong to him).

The district court did not abuse its discretion in denying Schuetze's evidentiary motions because, given Schuetze's numerous uncontested admissions about his suspicions in 2002 that the pharmaceutical drugs caused his behavior, they were immaterial. *See Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006) (reviewing evidentiary rulings for abuse of discretion and setting forth

requirement that the district court's ruling can only be reversed if it was manifestly erroneous and prejudicial).

Schuetze's remaining contentions are unpersuasive.

**AFFIRMED.**